# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES,<br><br>                  Plaintiff,<br>  vs.<br><br>RENE MUNOZ-MARTINEZ,<br><br>                  Defendant. | CASE NO. 10cr4618-LAB-1 and 12cv1202-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)** |
|---|---|

Defendant Rene Munoz-Martinez pleaded guilty, pursuant to a plea agreement, to one count of importation of methamphetamine. He received the benefit of acceptance of responsibility and fast track. On May 14, 2011, he was sentenced to 46 months' imprisonment followed by five years' supervised release for importation of methamphetamine.

Approximately a year after he was sentenced, Munoz-Martinez, now a prisoner in the Reeves County Detention Center in Pecos, Texas, filed a motion (the "Motion") pursuant to 18 U.S.C. § 3582(c) to reduce his sentence. (Docket no. 25 in 10cr4618 and no. 1 in 12cv1202.) The Motion doesn't say why Munoz-Martinez thinks his sentence ought to be reduced. The Motion was submitted on a form questionnaire available through the Northern District of Texas and intended for use by defendants seeking reduction pursuant to § 3582(c)(2) under the retroactive "crack cocaine amendment" to the sentencing guidelines.

*See* http://www.txnd.uscourts.gov/forms/criminal.html. Although the Motion represents that Munoz-Martinez's conviction involved crack cocaine, in fact it involved methamphetamine. Munoz-Martinez is ineligible for a sentence reduction under § 3582(c)(2) or any other provision of § 3582(c).

Based on the timing of the Motion,[1] it appears Munoz-Martinez might have been attempting to file his motion as being brought pursuant to 28 U.S.C. § 2255. But construing it as a § 2255 motion would be futile, because Munoz-Martinez waived appeal and collateral attack.[2]

Because Munoz-Martinez is ineligible for a sentence reduction under § 3582(c), the Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  December 17, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Munoz-Martinez filed the Motion approximately a year after he was sentenced. The date he submitted it is unclear, however; it says he signed it on "this 4 of _____, 2012." The postmark is illegible. It wasn't received and filed until May 17, 2012, however. Regardless of what the actual date was, it appears Munoz-Martinez was trying to comply with § 2255(f)'s one-year limitations period.

[2] As part of his plea agreement, Munoz-Martinez waived appeal or collateral attack, unless the Court imposed a custodial sentence above the high end of the guideline range recommended by the government pursuant to the plea agreement. (Docket no. 12 at 10:6–18.) The government kept its bargain by making the recommendations required by the plea agreement. (*Compare* Docket no. 12 at 7:9–8:8 (plea agreement), *with* Docket no.19 (government's sentencing memorandum).) Then the Court sentenced him <u>below</u> the guideline range.